**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

| | |
|---|---|
| SANDRA WALMSLEY | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION _____ |
| | ) |
| THE BIER HAUS, LLC | ) |
| and MARSHALL URSTADT, Individually and | ) |
| as officer of The Bier Haus, LLC | ) |
| | ) |
|       Defendants. | ) |

## <u>COMPLAINT</u>

COMES NOW Plaintiff and makes this her complaint against the Defendants above named as follow:

### THE PARTIES

1.

Defendant The Bier Haus, LLC, is a limited liability company, organized under the laws of Georgia (DEFENDANT BIER HAUS) and is subject to the jurisdiction of this Court. Service may be had upon its Registered Agent, United States Corporation Agents, Inc at 7851 Old Morrow Road, Jonesboro, Georgia.

2.

Defendant Marshall Urstadt (DEFENDANT URSTADT) is a resident of the State of Georgia and is subject to the jurisdiction of this Court. Service may be had upon him at 513 East Oglethorpe Ave., Suite H, Savannah, GA 31401.

3.

Defendant Urstadt has operational control of Defendant Bier Haus's covered enterprise and is an employer along with Defendant Bier Haus, jointly and severally liable under 29 U.S.C.A. §§ 201 to 219, known as the Fair Labor Standards Act, a law of the United States regulating interstate commerce (herein referred to as the FLSA) for unpaid wages. At the times hereinafter mentioned, Defendant Urstadt was an employer of Plaintiff within the meaning of § 3(d) of the Act (29 U.S.C.A. § 203(d)), in that Defendant Urstadt acted directly in the interests of defendant, Defendant Bier Haus, in relation to its employees, including plaintiff. Defendant Urstadt acted in the interest of the Employers, in relation to the Plaintiff's pay.

4.

Defendant Bier Haus is an enterprise subject to the Fair Labors Standards Act. Defendant Bier Haus is a bar and restaurant.

5.

Plaintiff is Sandra Walmsley, a resident of Chatham County Georgia, who was first employed by Defendant Bier Haus on May 15, 2013 as a Bartender.

6.

Venue is proper in this Court.

**FACTS GIVING RISE TO THE CLAIMS**

7.

Plaintiff was first employed by Defendant Bier Haus on May 15, 2013 as a Bartender at $8.00 per hour.

8.

Defendant Urstadt during the times complained of in this complaint was the operations manager, payroll manager, organizer and controlling member of Defendant Bier Haus.

9.

On the day that Defendant Bier Haus opened Plaintiff Sandra Walmsley loaned Defendant Bier Haus Five Hundred and Fifty Dollars ($550.00) in cash for money for the drawer, which monies the Defendants promised and agreed to repay Plaintiff.

10.

Defendant Bier Haus, through Defendant Urstadt, promised and agreed to pay Plaintiff an hourly rate.  The Plaintiff's hourly rate increased on June 17, 2013 to $12.00 per hour. She continued to work for Defendant Bier Haus until December 17, 2013.

11.

In total Plaintiff Sandra Walmsley was owed a total in wages for the number of hours worked $11,998.46.  Plaintiff was paid only $4500.00 in wages.  Therefore Plaintiff Walmsley is owed an additional $7,498.46 in wages.

12.

Defendant Bier Haus, through Defendant Urstadt, and Defendant Urstadt fraudulently altered Plaintiff's time records with Defendant Beir Haus, reducing in the computer the record of the number of hours Plaintiff actually worked.

## FAIR LABOR STANDARDS ACT VIOLATIONS

### 13.

The Plaintiff re-alleges and incorporates by reference all allegations contained in Paragraphs 1 through 11 as if fully alleged herein.

### 14.

This action is brought to recover from Defendants unpaid wages and overtime compensation, as well as an additional equal amount as liquidated damages, and costs and reasonable attorney's fees under the provisions of the Act of June 25, 1938, ch. 676, 52 Stat 1069, 29 U.S.C.A. §§ 201 to 219, known as the Fair Labor Standards Act, a law of the United States regulating interstate commerce, here referred to as the Act.

### 15.

At the times pertinent to this complaint, Defendants failed to comply with the Fair Labor Standards Act, in that Plaintiff was not paid her hourly wages owed, and payments were not made to Plaintiff by Defendants, at the rate of time and one half for the hours worked by Plaintiff in excess of the hours provided for in the statute; moreover, Plaintiff has been forced by Defendants to work for periods during which the minimum wage provided for in the Act was not paid, and more particularly for which no payment whatever was made by Defendant to Plaintiffs, all in violation of the mentioned Fair Labor Standards Act.

### 16.

At all relevant times, the Defendants have known or should have known that they should pay Plaintiff for all hours worked and that they were required to pay overtime compensation at the rate of one and one-half times the normal hourly rates to its

employees who work more than 40 hours during a work week, unless such employees are exempt from the overtime requirements of the Fair Labor Standards Act (the "FLSA").

17.

At all relevant times, the Defendants have known or should have known that they should keep accurate pay records for all hours worked by Plaintiff, under the requirements of the Fair Labor Standards Act (the "FLSA").

## REGULAR PAY

18.

Defendants refused to pay Plaintiff for time worked on behalf of Defendant Bier Haus, as required by the FLSA.

19.

The Defendants are obligated to pay the Plaintiff for time worked, but not compensated, in an amount to be proven at trial.

## OVERTIME PAY

20.

During the time of the employment, Plaintiff worked and was permitted to work more than 40 hours per week.

21.

Plaintiff was not exempt from the overtime requirements of the Fair Labor Standards Act (the "FLSA"). She did not receive at least $455 per week as required by the Fair Labor Standards Act to be exempt under the supervisory exemption.

22.

Despite this, and despite being an employee, not exempt within the meaning of the FLSA, Plaintiff did not receive over-time pay.

23.

The Defendants are liable to Plaintiff for unpaid overtime wages for the hours beyond 40 worked each week, at the rate of one and one-half time the hourly rate.

24.

The Defendants are obligated to pay the Plaintiff for overtime pay in an amount to be proven at trial.

## TOTAL WAGES OWED

25.

The Defendants are obligated to pay the Plaintiff for wages owed the amount of Seven Thousand Four Hundred Eighty Nine Dollars and 46/100 ($7,489.46).

## LIQUIDATED DAMAGES

26.

The Defendants are further liable to Plaintiff for an additional amount, as liquidated damages, in the same amount due Plaintiff for overtime and unpaid wages - the amount of Seven Thousand Four Hundred Eighty Nine Dollars and 46/100 ($7,489.46).

## INTEREST

27.

Defendants are liable for interest upon all wages and other monies due, at the legal rate.

## ATTORNEY'S FEES

28.

Defendants are liable for all reasonable attorney's fees incurred by Plaintiff in the prosecution of the instant FLSA claims.

## JOINT AND SEVERAL LIABILITY

### 29.

Defendant Urstadt made the wage and hour determination and decisions for Defendant Bier Haus, and was responsible for the FLSA violations stated above. Defendant Urstadt is therefore an "employer" for the remedial purposes of the FLSA, and is liable individually and personally for the Employers' above-stated wage and hour violations.

### 30.

Defendant Urstadt is the manager and has operational control of Defendant Bier Haus, and is therefore an "employer" for the remedial purposes of the FLSA, and is liable individually and personally for the Employers' above-stated wage and hour violations.

### 31.

Each Defendant is personally liable to Plaintiff, joint and severally, for all liability of the Defendants to Plaintiff arising under the FLSA.

## IMPROPER RECORD KEEPING

### 32.

Defendants have not met their obligation to make, keep and preserve records of their employees' wages, hours, and other conditions and practices of employment.

**FAILURE TO REPAY A LOAN AS PROMISED**

33.

Defendants have not met their obligation to repay the loan of Five Hundred and Fifty Dollars made by Sandra Walmsley to Defendant Bier Haus.  Defendants are liable to pay Plaintiff Five Hundred Fifty Dollars in repayment of the loan.

WHEREFORE, Plaintiff prays that he be granted the following relief:

(a)    Trial by jury;

(b)    An award of damages against Defendants for the unpaid wages and overtime wages due her, in the amount of Seven Thousand Four Hundred Eighty Nine Dollars and 46/100 ($7,489.46);

(c)    An award of damages against Defendants for the liquidated damages claimed, in the amount of Seven Thousand Four Hundred Eighty Nine Dollars and 46/100 ($7,489.46);

(d)    An award of all costs incurred in the prosecution of this action;

(e)    An award of all reasonable attorney's fees incurred in the prosecution of this action; and

(f)    An award of Five Hundred Fifty Dollars ($550.00).

(g)    All such other and further relief that the Plaintiff is later shown to be entitled to at law of equity.

This 20th day of March 2014.

The Bowman Law Office, LLC

BY: _/s/ Catherine M. Bowman_
CATHERINE M. BOWMAN
STATE BAR NO. 494740

BY: /s/ Amanda J. Love
AMANDA J. LOVE
STATE BAR NO. 544079
ATTORNEYS FOR PLAINTIFF

Catherine@TheBowmanLawOffice.com
Alove@TheBowmanLawOffice.com
7505 Waters Ave. Suite D-3
Savannah, Georgia 31406
(912) 401-0121 telephone
(912) 352-9042 facsimile